MRS. S. M. COLLIER v. GEO. A. SOULE ET AL.

(No. 7231.)

APPEAL from Wichita County. Opinion by DAVID-SON, J.

FLOOD & COBB, counsel for appellant.

No counsel appeared for appellee.

§ **316.** *Usurious interest; contract sued upon held not to be for.* This was an action brought by appellant, who was plaintiff below, against George A. Soule and Oscar Holman, composing the firm of George A. Soule & Co.,

and Wiley Wyatt, on the 13th day of May, 1890, to recover the amount due on a promissory note executed by said Soule & Co. and Wiley Wyatt on June 9, 1886, and due August 25, 1886, for the sum of $600, with interest at one per cent. per month. Said note was payable to the order of Lennox & Offield, and was indorsed by them to plaintiff. The said note further provided for the payment of ten per cent. attorneys' fees if collected by law or placed for collection. Plaintiff alleges ownership of said note, and that the same was due and wholly unpaid, except the amount credited on said note, which was $200, paid and credited November 18, 1886, and interest thereon at one per cent. per month, paid to October 1, 1887. Defendants answered separately. George A. Soule answered — *First.* A general denial. *Second.* By a sworn plea admitting the execution of the note, but that said note was secured by a chattel mortgage on certain horses and mules, which mortgage was of record in Wichita county; that plaintiff purchased said note on September 1, 1886, and took subject to all equities that might have attached; that on the 15th day of January, 1887, the firm of George A. Soule & Co. was dissolved, and the assets divided and liabilities prorated, and that George A. Soule assumed the payment of the note described; that plaintiff was informed of this arrangement, and, consenting thereto, agreed to release Oscar Holman and accept the individual responsibility of said Soule, secured by the mortgage aforesaid; that Wiley Wyatt was only a security on said note, which was known to plaintiff; that after the maturity of said note, in consideration of the extension of the time of payment thereof, defendant agreed to pay, and did pay, usurious interest on said note, at the rate of $15 per month for a period of thirty-six months, aggregating the sum of $540, and prays a judgment over against plaintiff for the amount paid over and above the amount due on said note. Defendant, Holman, answered, adopting the answer of Soule and set-

ting up further his release as aforesaid, said mortgage securing said note, and prays, if judgment goes against him, plaintiff be required to first foreclose said mortgage and proceed against Soule before having execution against him.   This plea was also verified.   Wiley Wyatt adopted the answer of Soule, and filed a special plea, setting up his suretyship, and that, after the maturity of said note, he repeatedly warned plaintiff not to grant an extension of time, and notified her that unless she took steps to collect said note he would no longer be bound on the same, but that plaintiff has never taken any legal action until the present term of court; and he prays to be discharged, but in the event the court gives judgment against him, he prays that plaintiff be first required to foreclose said mortgage, and that execution issue first against the principals.   Demurrers, both general and special, were filed by plaintiff to these answers, a general denial and special plea, denying that any usurious interest was ever charged or paid upon said note; that the sum of $200 was paid on said note November 18, 1886, and interest at one per cent. per month to October 1, 1887, and that no other sums of money were ever paid on said note; that defendant, Soule, had been running an account with plaintiff for a number of years for board for his hands, and that all other sums of money ever paid her by said Soule had been credited on said account; that said account was settled, and the same was merged into a note for $660.70 on August 1, 1889; and that plaintiff has still due her the sum of $477.27 on account, accruing since said date.   On a trial the judgment was for the defendants.   The evidence discloses the fact that the $15 paid appellant, and alleged to be usurious interest, was in pursuance of a contract made after the maturity of the note sued on, and constituting no part thereof, but was charged up in an account due appellant and afterwards merged into and now forms a part of another note, executed in favor of appellant, for the

sum of $660.70.   If this be true, it does not form any portion of the note sued on.   It entered into, and now constitutes, a portion of the second note.   When the latter note is sought to be collected the question of usury can be settled as the law and facts indicate.   [Aiken v. Bank, *ante*, p. 441.]

May 18, 1892.                    Reversed and remanded.